UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OSTEOTECH, INC.,**<br><br>        Plaintiff,<br><br>    v.<br><br>**REGENERATION TECHNOLOGIES, INC.,**<br><br>        Defendant. | Civil Action No. 06-4249 (FLW)<br><br>**ORDER** |

This matter having been opened to the Court upon Motion by Plaintiff Osteotech, Inc. ("Osteotech"), for an Order sealing Osteotech's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("opposition brief"), L.Civ.R. 56.1 Statement of Disputed Facts in Opposition to Defendant's Motion for Summary Judgment ("L.Civ.R. 56.1 Statement") and the Declaration of Heather Redmond with attached Exhibits B and C [Docket Entry No. 19]; and Osteotech arguing that these documents contain information or materials which third party LifeNet has designated as confidential under the Court's November 15, 2007 Stipulated Protective Order (the "Protective Order") because they contain information relating to confidential licensing negotiations and information about LifeNet's internal processes; and Osteotech further arguing that these documents also contain information which Osteotech has designated confidential pursuant to the Protective Order because they contain information regarding Osteotech's internal processes as well as information relating to settlement negotiations that the parties agreed to keep confidential; and Osteotech further arguing that Osteotech and LifeNet have a legitimate interest in maintaining the confidentiality of the aforementioned materials; and Osteotech further arguing that there is no less restrictive

alternative available that would protect the parties' interests; and there being no opposition to Osteotech's Motion; and the Court noting that as yet no interested person has moved to intervene as permitted by L. Civ. R. 5.3(c)(4)[1]; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id.* at 165 (internal quotation marks and citation omitted)); and the Court further finding that under L.Civ.R. 5.3(c)(2) a party seeking an Order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

and the Court further finding that Osteotech has adequately described the nature of the materials at issue as confidential information relating to LifeNet's licensing negotiations and information about LifeNet's internal processes, as well as confidential information regarding Osteotech's internal processes and confidential information relating to the parties' settlement negotiations that is contained in Osteotech's opposition brief, L.Civ.R. 56.1 Statement and the Declaration of

---

[1] The Court is aware that any interested person seeking to intervene has until February 19, 2008, the return date for this Motion, to move to do so, and this Order in no way prejudices that right. Consequently, should an interested party timely intervene with respect to Osteotech's Motion to Seal, this Court shall reexamine its findings at that time.

Heather Redmond with attached Exhibits B and C; and the Court further finding that the aforementioned confidential information is not publicly available and that Osteotech and LifeNet have legitimate business interests in preventing the disclosure of same; and the Court further finding that Osteotech has failed to set forth the clearly defined and serious injury that would result if its Motion to Seal is not granted, and while the Court can imagine the competitive damage that would befall Osteotech and LifeNet if its confidential information is disclosed, it cannot presume such injury, but rather Osteotech bears the burden of setting forth what that injury is[2]; and the Court further finding that while Osteotech argues that there is no less restrictive alternative to the relief sought, Osteotech similarly fails to establish why it cannot practically seal only those portions of its opposition brief, L.Civ.R. 56.1 Statement and the Declaration of Heather Redmond with attached Exhibits B and C that contain the confidential information described above, rather than all of those documents in their entirety; and the Court further finding that despite these failures, given Osteotech's and LifeNet's legitimate business interests in having this information remain confidential, Osteotech's opposition brief, L.Civ.R. 56 Statement and the Declaration of Heather Redmond with attached Exhibits B and C shall remain sealed pending additional briefing as described below; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 11th day of February, 2008,

ORDERED that Osteotech's Motion to Seal its opposition brief, L.Civ.R. 56 Statement and the Declaration of Heather Redmond with attached Exhibits B and C is DENIED WITHOUT

---

[2]The Court notes that Osteotech might not be in a position to better describe the harm that would likely befall LifeNet should the aforementioned documents be disclosed and that such an explanation may have to come from LifeNet itself.

PREJUDICE pending supplementation of the record as follows:

(1) Osteotech as well as LifeNet shall have until **February 19, 2008** to supplement the record in order to more fully describe the harm that their business interests will likely suffer should disclosure occur; and

(2) Osteotech shall have until **February 19, 2008** to supplement the record with either (a) an amended request to seal only those portions of its opposition brief, L.Civ.R. 56.1 Statement and the Declaration of Heather Redmond with attached Exhibits B and C that contain the above-described confidential information or (b) an explanation as to why it is not practical to seek this less restrictive alternative; and it is further

ORDERED that until further action is taken by the Court, Osteotech's opposition brief, L.Civ.R. 56.1 Statement and the Declaration of Heather Redmond with attached Exhibits B and C shall remain sealed on the Court's docket; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 43] accordingly.

        s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**