**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OSTEOTECH, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**REGENERATION TECHNOLOGIES, INC.,**<br><br>**Defendant.** | **Civil Action No. 06-4249 (FLW)**<br><br>**ORDER TO SEAL** |

This matter having been opened to the Court upon Motion by Plaintiff Osteotech, Inc. ("Osteotech"), seeking an Order permitting it to file the following materials under seal, which Osteotech submitted in connection with its Motion for Partial Summary Judgment: (1) Osteotech's Brief, (2) Osteotech's Statement of Uncontested Facts pursuant to L.Civ.R. 56.1, and (3) the Declaration of Peter M. Lancaster with attached confidential Exhibits A, B, C, D, E, F, G, 13, 19, 23, 24, 29, 30, 38, 52, 110 and 111 (collectively, the "Confidential Materials"); and Osteotech arguing that the Confidential Materials contain information that Defendant Regeneration Technologies, Inc. ("RTI") has designated as "Confidential" under the Stipulated Protective Order entered in this matter; and Osteotech further arguing that pursuant to Paragraph 15 of the Stipulated Protective Order, Osteotech is obligated to file any material that has been designated as "Confidential" or "Confidential-Attorneys Eyes Only" under seal; and RTI having filed a Statement in Support of Osteotech's Motion to Seal; and RTI arguing that the following documents and/or portions therof should be sealed pursuant to L.Civ.R. 5.3(c): (1) pages 4-15, 17-19 and 21 of Osteotech's Brief; (2) Osteotech's Statement of Uncontested Facts, and (3) Exhibits D, E, F, G, 13, 19, 30, 38 and 52 attached to the Declaration of Peter M. Lnacaster

(collectively the ("Narrowed Confidential Materials"); and RTI arguing that the Narrowed Confidential Materials contain RTI's confidential information, including "trade secrets or other confidential research, development, manufacture, regulatory, financial, commercial, marketing or other business information" (RTI Statement at 2); and RTI more specifically arguing that the Narrowed Confidential Materials disclose "confidential information regarding technical details and development information regarding proprietary technology of RTI" (*Id*. at 3); and RTI further arguing that it has a legitimate business interest in protecting its confidential technical and business information; and RTI further arguing that if said information is not protected from public disclosure, then RTI will be harmed "because competitors in the marketplace could utilize the information to gain an unfair competitive advantage to the detriment of the parties" (*Id*. at 3); and no interested person having moved to intervene with respect to Osteotech's Motion as permitted by L.Civ.R. 5.3(c)(4) and the Court having fully reviewed and considered Osteotech's Motion as well as RTI's Statement in Support; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id.* at 165 (internal quotation marks and citation omitted)); and the Court further finding that under L.Civ.R. 5.3(c)(2) a party seeking an order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

and the Court further finding that here the nature of the materials at issue is the confidential technical and business information regarding RTI's proprietary technology contained in the Narrowed Confidential Materials; and the Court further finding that RTI has a legitimate business interest in protecting its confidential technical and business information; and the Court further finding that RTI would suffer a clearly defined and serious injury if the Narrowed Confidential Materials are not sealed because if publicly disclosed, then RTI's competitors could unfairly use this information to gain a competitive advantage in the marketplace;[1] and the Court further finding that there is no less restrictive alternative to the relief sought by RTI; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 20th day of January, 2008,

ORDERED that Osteotech's Motion to Seal is GRANTED in part; and it is further

---

[1]The Court notes that Osteotech's Motion requested that more information than that referenced in RTI's Statement in Support be sealed. While the Court believes that Osteotech has a legitimate interested in having all of the Confidential Materials sealed (i.e. complying with the Stipulated Protective Order), the Court does not believe that this interest alone warrants the permanent sealing of all of the Confidential Materials. The Court also notes that Osteotech's reason for filing the instant Motion was to comply with the Stipulated Protective Order and to protect information that RTI claimed to be "Confidential." Osteotech does not itself claim a confidentiality interest in the materials it seeks to seal. Because RTI, the party claim the confidentiality interest, has not proffered any reason why Osteotech's broader request to seal should be granted, the Court finds that Osteotech's request does not meet the sealing standards set forth in L.Civ.R. 5.3(c)(2). Consequently, as described more fully above, the Court will require that certain of those materials be publicly filed. Osteotech is hereby permitted to do so despite the Stipulated Protective Order because neither Osteotech nor RTI has established that these documents deserve the protection afforded by L.Civ.R. 5.3(c)(2).

ORDERED that Osteotech's Motion to Seal the following materials is GRANTED: (1) pages 4-15, 17-19 and 21 of its Brief; (2) its Statement of Uncontested Facts, and (3) Exhibits D, E, F, G, 13, 19, 30, 38 and 52 attached to the Declaration of Peter M. Lnacaster; and it is further

ORDERED that Osteotech's Motion to Seal its Brief in its entirety is DENIED; and it is further

ORDERED that Osteotech's Motion to Seal Exhibits A, B, C, 23, 24, 29, 110 and 111 to the Declaration of Peter M. Lancaster is DENIED; and it is further

ORDERED that no later than **February 9, 2009**, Osteotech shall publicly file the following documents: (1) Osteotech's Brief with pages 4-15, 17-19 and 21 redacted; and (2) Exhibits A, B, C, 23, 24, 29, 110 and 111 to the Declaration of Peter M. Lancaster; and it is further

ORDERED that no later than **February 9, 2009**, Osteotech file under seal the following documents: (1) Osteotech's Statement of Uncontested Facts; and (2) Exhibits D, E, F, G, 13, 19, 30, 38 and 52 to the Declaration of Peter M. Lancaster; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 91] accordingly.

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**