UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OSTEOTECH, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:06-cv-04249-FLW |
| | : | |
| | : | |
| v. | : | |
| | : | |
| REGENERATION TECHNOLOGIES, INC., | : | |
| | : | **OPINION** |
| Defendant. | : | |
| | : | |

**WOLFSON, United States District Judge**

Presently before the Court is a Motion by Plaintiff Osteotech, Inc. ("Plaintiff"), pursuant to Local Rule 7.1, for reconsideration of this Court's Opinion dated September 25, 2008, granting Defendant RTI Biologic's ("Defendant") Motion for Partial Summary Judgment on the Issue of Pre-suit Damages.  For the following reasons, Plaintiff's Motion for Reconsideration is denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court incorporates herein the facts as they are set forth in this Court's Opinion dated September 25, 2008.

Plaintiff filed this Motion for Reconsideration on October 9, 2008, which Defendant filed opposition to on October 20, 2008.  For the following reasons, Plaintiff's Motion for

Reconsideration is denied.

## II. DISCUSSION

### A. Standard of Review

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2008). Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." See also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F.Supp.2d 482, 507 n. 12 (D.N.J.2002). Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Id. at 507. A motion for such reconsideration must be filed "within 10 business days after the entry of the order or judgment on the original motion ." L. Civ. R. 7.1(I). A timely motion for reconsideration may only be granted upon a finding of "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

### B. Plaintiff's Motion for Reconsideration

In the instant matter, Plaintiff argues that this Court failed to consider whether the Agreement between the parties was vague and ambiguous, and as such, parol evidence should be considered. In response, Defendant contends that Plaintiff fails to identify a supposedly vague or ambiguous term in the Agreement.

2

At the outset, the Court notes that Plaintiff's Motion does not assert either of the first two cognizable grounds available under a motion for consideration.  Plaintiff offers no change in the law or new evidence that this Court should consider.  Thus, the Court must determine whether in granting Defendant's Motion for Summary Judgment, did the Court make a "clear error of law or fact."  Max's Seafood Café, 176 F.3d at 677.  In granting Defendant's Motion for Partial Summary Judgment, the Court made clear that Defendant failed to identify any provision in the Agreement that was vague or ambiguous. Moreover, this Court found, inter alia, that the Agreement's most crucial language was clear on its face:

> Clearly, the communications Plaintiff wishes to disclose fall within the ambit of the agreement.   Specifically, both parties listed previous communications, including the March 22nd and July 22nd letter, as examples of why a non-disclosure agreement was necessary. Plaintiff concedes that one purpose of the agreement was that "RTI and Osteotech wish to continue their discussions to settle Osteotech's claim." Pl.'s Letter Br., pg. 2.  Looking at the entire agreement, Defendant's interpretation does not contradict that purpose nor require a reading beyond the plain meaning of the terms "[a]ll past, current, and future discussions and communications between the Parties." Frantzen Certif., Ex. 37. Plaintiff argues that "communications" should be limited to BC information because the agreement makes references to this confidential information.  However, the provision precluding use of such communications in and of itself does not limit the scope to BC information.  See Id. Moreover, the agreement also makes references to the March 22nd letter, a letter that contained no confidential information.  Id.  Thus, when looking at the entire agreement, the plain meaning of "communications" would extend beyond the BC information to include past correspondences between the parties, including the March 22nd letter.

Court's Opinion at pgs. 8-9.  Plaintiff's assertion that this Court did not consider the extrinsic evidence in support of its position is true for one reason: the Court's unequivocal finding that the Agreement's language is clear on its face forecloses any consideration of parol evidence in interpreting the Agreement.  Again, the Court notes that "the expansive breadth of the non-

3

disclosure provision cannot be understated," and that Plaintiff was free to negotiate a more limited agreement that permitted it to use prior communications for the purposes of proving damages.  <u>See</u> Court's Opinion at 8. Thus, the Court did consider all of Plaintiff's arguments, including whether the Agreement was vague or ambiguous, and found that the Agreement was clear on its face.  Accordingly, Plaintiff's Motion for Reconsideration is denied.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

Dated: January 30, 2009                                    s/ Freda L. Wolfson
                                                           **Freda L. Wolfson, U.S.D.J.**

4