UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OSTEOTECH, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**REGENERATION TECHNOLOGIES, INC.,**<br><br>Defendant. | Civil Action No. 06-4249 (FLW)<br><br><br>**ORDER TO SEAL** |

This matter having been opened to the Court upon Motion by Plaintiff Osteotech, Inc. ("Osteotech"), for an Order sealing (1) the Declaration of Dr. Julie Glowacki, with attached Exhibits, (2) the Declaration of Dr. Paul J. Strykowski, (3) the Third Declaration of Peter Lancaster, with attached Exhibits, (4) a Response Statement of Uncontested Facts and (5) a Memorandum of Law (collectively, the "Confidential Materials"); and Osteotech arguing that the Confidential Materials contain information or materials that RTI Biologics, Inc. ("RTI") has designated as "Confidential" under the Stipulation and Discovery Confidentiality Order filed on July 18, 2007 (the "Stipulated Protective Order"); and Osteotech further arguing that while it does not concede that the Confidential Materials warrant a "Confidential" designation, given the fact that RTI designated some of the information contained therein as such, Osteotech is required to file the instant Motion pursuant to ¶15 of the Stipulated Protective Order; and Osteotech further arguing that it has a legitimate interest in sealing the Confidential Materials because it is required to do so under the Stipulated Protective Order; and Osteotech further arguing that a clearly defined and serious injury will result to Osteotech if it is not permitted to file the Confidential Materials under seal because Osteotech would then be forced to either violate the

Stipulated Protective Order or severely limit its ability to advocate its position; and Osteotech further arguing that there is no less restrictive alternative available that would protect the parties' interests; and RTI having filed a Statement in Support of Osteotech's Motion to Seal; and RTI arguing that only a portion of the Confidential Materials contain RTI's confidential information; and RTI further arguing that, specifically, the following documents contain its confidential information: (1) the Glowacki Declaration, (2) the Strykowski Declaration, (3) Exhibits O and R to the Third Lancaster Declaration, (4) Osteotech's Response to RTI's Statement of Uncontested Facts and (5) page 6 of Osteotech's Opposition Brief (collectively, the "Narrowed Confidential Materials"); and RTI further arguing that the Narrowed Confidential Materials "contain confidential RTI information that constitutes or discloses trade secrets or other confidential research, development, manufacture, regulatory, financial, commerical, marketing, or other business information within the meaning of Fed. R. Civ. P. 26(c)" (RTI's Statement in Support at ¶2); and RTI further arguing that "the Glowacki Declaration, the Strykowski Declaration, and Exhibits O and R to the Third Lancaster Declaration disclose confidential information regarding specific technical details and development information regarding proprietary technology of RTI" (*Id*. at ¶ 4); and RTI further arguing that "[d]etails regarding the development and technical aspects of RTI proprietary technology are further referenced in Osteotech's Response To RTI's Statement Of Uncontested Facts and on page 6 of Osteotech's Opposition Brief" (*Id*.); and RTI further arguing that it has a legitimate interest in protecting the Narrowed Confidential Materials because if made publicly available, "competitors in the marketplace could utilize the information to gain an unfair competitive advantage to the detriment of RTI" (*Id*.); and no interested person

as yet having moved to intervene as permitted by L. Civ. R. 5.3(c)(4)[1]; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court further finding that there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id*. at 165 (internal quotation marks and citation omitted)); and the Court further finding that under L.Civ.R. 5.3(c)(2) a party seeking an Order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

and the Court further finding that here the nature of the materials at issue is the confidential technical and business information regarding RTI's proprietary technology contained in the Narrowed Confidential Materials; and the Court further finding that RTI has a legitimate business interest in protecting its confidential technical and business information; and the Court further finding that RTI would suffer a clearly defined and serious injury if the Narrowed Confidential Materials are not sealed because if publicly disclosed, then RTI's competitors could

---

[1]The Court is aware that any interested person seeking to intervene has until March 16, 2009, the return date for this Motion, to move to do so, and this Order in no way prejudices that right.  Consequently, should an interested party timely intervene with respect to Osteotech's Motion to Seal, this Court shall reexamine its findings at that time.

unfairly use this information to gain a competitive advantage in the marketplace;[2] and the Court further finding that there is no less restrictive alternative to the relief sought by RTI; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 6th day of March, 2009,

ORDERED that Osteotech's Motion to Seal is GRANTED in part; and it is further

ORDERED that Osteotech's Motion to Seal the following materials is GRANTED: (1) the Glowacki Declaration, (2) the Strykowski Declaration, (3) Exhibits O and R to the Third Lancaster Declaration, (4) Osteotech's Response to RTI's Statement of Uncontested Facts and (5) page 6 of Osteotech's Opposition Brief; and it is further

ORDERED that Osteotech's Motion to Seal its Memorandum of Law in its entirety is DENIED; and it is further

ORDERED that Osteotech's Motion to Seal Exhibits P and Q to the Third Lancaster Declaration is DENIED; and it is further

ORDERED that no later than **March 16, 2009**, Osteotech shall publicly file the following

---

[2]The Court notes that Osteotech's Motion requested that more information than that referenced in RTI's Statement in Support be sealed. While the Court believes that Osteotech has a legitimate interest in having all of the Confidential Materials sealed (i.e. complying with the Stipulated Protective Order), the Court does not believe that this interest alone warrants the permanent sealing of all of the Confidential Materials. The Court also notes that Osteotech's reason for filing the instant Motion was to comply with the Stipulated Protective Order and to protect information that RTI claimed to be "Confidential." Osteotech does not itself claim a confidentiality interest in the materials it seeks to seal. Because RTI, the party claiming the confidentiality interest, has not proffered any reason why Osteotech's broader request to seal should be granted, the Court finds that Osteotech's request does not meet the sealing standards set forth in L.Civ.R. 5.3(c)(2). Consequently, as described more fully above, the Court will require that certain of those materials be publicly filed. Osteotech is hereby permitted to do so despite the Stipulated Protective Order because neither Osteotech nor RTI has established that these documents deserve the protection afforded by L.Civ.R. 5.3(c)(2).

documents: (1) Osteotech's Memorandum of Law with page 6 redacted; and (2) the Third Lancaster Declaration along with Exhibits P and Q thereto; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 119] accordingly.

      s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**