UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OSTEOTECH, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**REGENERATION TECHNOLOGIES, INC.,**<br><br>Defendant. | Civil Action No. 06-4249 (FLW)<br><br>**ORDER TO SEAL** |

This matter having been opened to the Court upon Motion by Plaintiff Osteotech, Inc. ("Osteotech"), for an Order sealing (1) a portion of the Declaration of Paul Robbennolt (the "Robbennolt Declaration"), (2) Exhibits C and P to the Declaration of Paul Robbennolt, (3) its Memorandum in Opposition to Defendant Regeneration Technologies, Inc.'s ("RTI") Motion to Strike Expert Declarations (Osteotech's "Opposition Brief") and (4) its Memorandum in Support of its Motion to Strike RTI's "Single Step" Contention and File History Evidence and Arguments from the Summary Judgment Record (Osteotech's "Brief in Support of its Motion to Strike") (collectively, the "Confidential Materials"); and Osteotech arguing that the Confidential Materials contain information or materials that RTI has designated as "Confidential" under the Stipulation and Discovery Confidentiality Order filed on July 18, 2007 (the "Stipulated Protective Order"); and Osteotech further arguing that while it does not concede that the Confidential Materials warrant a "Confidential" designation, given the fact that RTI designated some of the information contained therein as such, Osteotech is required to file the instant Motion pursuant to ¶ 15 of the Stipulated Protective Order; and Osteotech further arguing that it has a legitimate interest in sealing the Confidential Materials because it is required to do so under

the Stipulated Protective Order; and Osteotech further arguing that a clearly defined and serious injury will result to Osteotech if it is not permitted to file the Confidential Materials under seal because Osteotech would then be forced to either violate the Stipulated Protective Order or severely limit its ability to advocate its position; and Osteotech further arguing that there is no less restrictive alternative available that would protect the parties' interests; and RTI having filed a Statement in Support of Osteotech's Motion to Seal; and RTI arguing that Exhibits C and P to the Robbennolt Declaration "contain confidential RTI information that constitutes or discloses trade secrets or other confidential research, development, manufacture, regulatory, financial, commerical, marketing, or other business information within the meaning of Fed. R. Civ. P. 26(c)" (RTI's Statement in Support at ¶ 2); and RTI specifically arguing that Exhibit C "contains commercially sensitive business information regarding RTI's distributors" and Exhibit P "discloses specific technical details regarding [RTI's] proprietary [bone cleaning] technology" (*Id*. at ¶ 4); and RTI further arguing that it has a legitimate interest in protecting the confidential information contained in Exhibits C and P to the Robbennolt Declaration because if made publicly available, "competitors in the marketplace could utilize the information to gain an unfair competitive advantage to the detriment of the parties and RTI's third-party customers" (*Id*.); and no interested person having as yet moved to intervene as permitted by L. Civ. R. 5.3(c)(4)[1]; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and

---

[1]The Court is aware that any interested person seeking to intervene has until April 20, 2009, the return date for this Motion, to move to do so, and this Order in no way prejudices that right.  Consequently, should an interested party timely intervene with respect to Osteotech's Motion to Seal, this Court shall reexamine its findings at that time.

the Court further finding that there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" (*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)); and the Court further finding that the right of public access is "not absolute[,]" but must be weighed against the litigants' interests in secrecy (*Id*. at 165 (internal quotation marks and citation omitted)); and the Court further finding that under L.Civ.R. 5.3(c)(2) a party seeking an Order to seal materials must

> describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

and the Court further finding that here the nature of the materials at issue is the confidential technical and business information regarding RTI's proprietary bone cleaning technology and sensitive business information regarding RTI's customers contained in Exhibits C and P to the Robbennolt Declaration and disclosed in a portion of the Robbennolt Declaration and Osteotech's Opposition Brief and Brief in Support of its Motion to Strike; and the Court further finding that RTI has a legitimate business interest in protecting its confidential technical and business information regarding its proprietary bone cleaning technology as well as its sensitive business information regarding its customers; and the Court further finding that RTI and its customers would suffer a clearly defined and serious injury if the Confidential Materials are not sealed because if publicly disclosed, then RTI's competitors could unfairly use this information to gain a competitive advantage in the marketplace; and the Court further finding that with respect to Osteotech's Motion to seal Exhibits C and P to the Robbennolt Declaration as well as

those portions of the Declaration itself that disclose the information contained in Exhibits C and P, there is no less restrictive alternative to the relief sought; and the Court further finding that with respect to Osteotech's Motion to Seal its Opposition Brief and Brief in Support of its Motion to Strike, the Court finds that it is unclear whether Osteotech seeks to seal these documents in their entirety or whether they only seek to seal those portions of its Opposition Brief and Brief in Support of its Motion to Strike that disclose the confidential information contained in Exhibits C and P; and the Court further finding that while it is clear that those portions of Osteotech's Opposition Brief and Brief in Support of its Motion to Strike that disclose the confidential information contained in Exhibits C and P should be sealed, it is not clear that those documents should be sealed in their entirety; and the Court further finding that as such Osteotech's Opposition Brief and Brief in Support of its Motion to Strike shall be temporarily sealed pending supplementation of the record as described below; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

    IT IS on this 8th day of April, 2009,

    ORDERED that Osteotech's Motion to Seal is GRANTED in part; and it is further

    ORDERED that Osteotech's Motion to Seal the following materials is GRANTED: (1) Exhibits C and P to the Robbennolt Declaration and (2) those portions of the Robbennolt Declaration that disclose the confidential information contained in Exhibits C and P; and it is further

    ORDERED that Osteotech's Motion to Seal its Opposition Brief and Brief in Support of its Motion to Strike in their entirety is DENIED without prejudice; and it is further

ORDERED that Osteotech's Opposition Brief and Brief in Support of its Motion to Strike shall be temporarily sealed pending supplementation of the record as follows: no later than **April 24, 2009**, Osteotech and/or RTI shall supplement the record in order to establish whether it is practical to seal only those portions of Osteotech's Opposition Brief and Brief in Support of its Motion to Strike that disclose the confidential information contained in Exhibits C and P to the Robbennolt Declaration or whether the confidential information is so entwined in Osteotech's Briefs that they must be sealed in their entirety; and it is further

ORDERED that no later than **April 24, 2009**, Osteotech shall publicly file the Robbennolt Declaration with those portions that refer to the confidential information contained in Exhibits C and P redacted; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 142] accordingly.

       s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**